FILED

MAY 28 1998

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY________________
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>THEODORE JOHN KACZYNSKI,<br>Defendant. | CR S-96-259 GEB<br>ORDER* |

A hearing was conducted today on the Sacramento Bee, the San Francisco Examiner, and CBS Broadcasting, Inc.'s (hereinafter referenced collectively as "media") motion for disclosure of the psychiatric competency report under both the First Amendment and the common law right of access to judicial documents. The Court issued an oral tentative ruling that the media was entitled to disclosure of nearly all aspects of the report under the common law right of

* As a courtesy to the parties, the judge directed his staff to provide a copy of this Order to the parties via facsimile transmission no later than 5:00 p.m. on May 28, 1998, so they could be apprised of its contents prior to official service. A redacted copy of the competency report was provided to Kaczynski's counsel only.



561

access.[1] The Court's tentative ruling identified portions of the report that would be redacted and provided reasons for those redactions. The tentative ruling is confirmed and supplemented by this Order.

As stated on the record, the media has made the threshold showing of need for disclosure under United States v. Schlette, 842 F.2d 1574, 1581 (9th Cir.), amended, 854 F.2d 359 (1988). Therefore, the determination of whether disclosure is warranted "requires the court to balance the need for disclosure against the reasons for confidentiality." Id. In this case, the Court must balance the media's strong interest in obtaining information which explains the competency determination process and which bears on Kaczynski's motivation for committing crimes against the legitimate privacy interests of Kaczynski, his family, and other third parties.

For the reasons stated orally on the record,[2] the Court redacted information from the report regarding third parties that is either private information or has the potential to embarrass a person not before the Court. Kaczynski also has legitimate privacy interests in some of the information contained in the report. Those privacy interests are outweighed by the media's need for disclosure with

---

[1] Since the matter may be decided on the common law grounds, it is unnecessary to reach the constitutional issue. To the extent it is necessary to reach the constitutional issue, it is decided as stated in the oral ruling made at the hearing.

[2] Because a statement of the reasons could result in revealing the very information that should not be disclosed, the factual basis for decision need only be stated in a manner "sufficient for a reviewing court to be able to determine, in conjunction with a review of the sealed documents themselves, what important interests the district court found sufficiently compelling to justify the denial of public access." United States v. Kooistra, 796 F.2d 1390, 1391 (11th Cir. 1986).

respect to information contained in the report that pertains directly to the competency determination, the parties' stipulation on that issue, and Kaczynski's motivation for embarking on his murderous path. However, where private information about Kaczynski contained in the report bears no relationship to the media's stated need for access, disclosure is not warranted.

With these principles in mind, the Court revisited the psychiatric competency report and determined that the redactions made on the record should be augmented as follows:

Seven additional sentences involving third parties have been redacted from page 5, because of the Court's decision that reproduction of this information could result in public embarrassment of third parties.

A paragraph and a half was deleted from page 8 as well as the remainder of the half paragraph continuing on page 9; an additional full paragraph was also deleted from page 9. This information concerns Kaczynski's privacy interests and has little or no relationship to the issue of Kaczynski's competency or his motivation for the Unabom crimes.

Although it is clear from the defendant's argument at the hearing that he favors further redactions, he has not sustained his burden of articulating "reasons for confidentiality." Schlette, 842 F.2d at 1581. To justify continued sealing of portions of a document, a "district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995). The defendant failed to provide specific factual bases justifying further redactions.

Kaczynski's argument at the hearing that he had a reasonable expectation of privacy in the report based on his assumption that it would remain sealed as long as there was no competency hearing misperceives the significance of the media's right to access under the common law. Even according Kaczynski's privacy argument some weight, the public's legitimate interest in information concerning the competency decision, the parties' stipulation on that issue, and the motivations behind Kaczynski's crimes outweighs Kaczynski's privacy interests.

For the stated reasons, a redacted copy of the competency report shall be filed on the public record at 4:00 p.m. on June 4, 1998.[3]

IT IS SO ORDERED.

DATED: May 28, 1998

GARLAND E. BURRELL, JR.
United States District Judge

[3] This filing date effectuates the seven-day stay Kaczynski requested during the hearing so that he would have an opportunity to seek appellate review of this Order.

United States District Court
for the
Eastern District of California
May 28, 1998

* * CERTIFICATE OF SERVICE * *

2:96-cr-00259

USA

v.

Kaczynski

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 28, 1998, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Steven Lapham
United States Attorney
555 Capitol Mall
Suite 1550
Sacramento, CA 95814

SF/GEB

SERVICE BY INTER OFFICE:

FD US MARSHAL PROBATION PRETRIAL SERVICES

Jack L. Wagner, Clerk

BY: ______________________
Deputy Clerk

United States District Court
for the
Eastern District of California
May 29, 1998

* * CERTIFICATE OF RESERVICE * *

2:96-cr-00259

USA

v.

Kaczynski

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 29, 1998, I RE-SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Steven Lapham SF/GEB
United States Attorney

Quin Denvir
Federal Defender

Judy Clarke
Federal Defenders of Eastern Washington and Idaho
Executive Director
Ten North Post
Suite 700
Spokane, WA 99201

SERVICE BY INTER OFFICE:

US MARSHAL PROBATION PRETRIAL SERVICES

Jack L. Wagner, Clerk

BY: [signature]
Deputy Clerk

United States District Court
for the
Eastern District of California
May 29, 1998

* * CERTIFICATE OF SERVICE * *

2:96-cr-00259

USA

v.

Kaczynski

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 29, 1998, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roger R Myers SF/GEB
Steinhart and Falconer
333 Market Street, Suite 3200
San Francisco, CA 94105

Jack L. Wagner, Clerk

BY: [signature]
Deputy Clerk