McGREGOR W. SCOTT
United States Attorney
ANA MARIA MARTEL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>THEODORE JOHN KACZYNSKI,<br>Defendant. | No. CR. S-96-0259 GEB<br><br>DATE: September 19, 2005<br>TIME: 10:00 a.m.<br>Courtroom: 10, 13th Floor |

UNITED STATES' STATUS REPORT

The Court has requested that the United States submit a report addressing only the issues on remand. The Ninth Circuit ordered that the United States present to this Court, in a timely manner, "a commercially reasonable plan to dispose of the property at issue, the principal purpose of which shall be to maximize monetary return to the victims and their families" or to return the property to Kaczynski[1]. 416 F.3d 971, 977 (9th Cir. 2005). The Ninth Circuit also remanded this matter to give the victims, through their *pro bono amicus* counsel, and the Defendant opportunity "to comment" on said plan. *Id.*

The issues to be addressed on remand, as the United States understands them, are

[1] If the property were to be returned to Kaczynski, the property would continue to be impressed with the criminal restitution lien. Kaczynski has agreed not to sell the same and has bound any recipients of the same to that pledge. *See* 416 F.3d at 975.

as follows:

1. The appointment of *pro bono* counsel for the victims;

2. Identifying the property to be sold, since the Defendant represented to the Court of Appeals that he does not seek the return of contraband;

3. Appointment of a receiver to prepare for submission to the Court and the parties hereto, on behalf of the United States, a commercially reasonable plan that maximizes the value of the property to be sold; and

4. Possibility of settlement.

*The Appointment of Pro Bono Counsel*

The Ninth Circuit's order is ambiguous as to whom is to appoint counsel for the victims. While its order states that it is appointing *pro bono* counsel (416 F.3d at 977), as of the date of this status report, the Ninth Circuit has not appointed said counsel. Perhaps, the Ninth Circuit expects the District Court to appoint said counsel on remand.

Additionally, some of the named victims[2] and their relatives have contacted the United States regarding the appointment of counsel to represent them. They have named a specific lawyer whom they want to represent them in this matter. The victims have requested that their wishes be considered in the appointment of a lawyer to represent them.

The United States has advised the victims that the decision of whom to appoint to represent them rests with the Court. The United States has given the name of the attorney favored by the victims to Kaczynski's counsel and has suggested that the victims write to the Court directly to express their wishes regarding the appointment of counsel to

[2] The amended judgment in the above-captioned case ordered that restitution be paid to Dr. Charles Epstein in the sum of $200,000; to Mrs. Susan Mosser in the sum of Eleven Million Dollars; to Mrs. Connie Murray in the sum of Two Million Dollars; and to Mr. Gary Wright in the sum of $211,000. The Court of Appeals' decision makes it clear that the proceeds from the sale of Kaczynski's property is to be for the benefit of the four named victims and their families. *See*, 416 F.3d at 977 n.11.

represent them[3].

*The Property*

The Defendant represented to the Court of Appeals, and earlier to this Court, that he is not interested in the return of "contraband:" in this case, the bomb making materials. (*See* 416 F.3d at 974 n.4). Because Kaczynski used common materials obtainable at hardware stores to construct his bombs, many of the items seized by the FBI are contraband[4]. However, Defendant's counsel has indicated that Kaczynski is primarily interested in his writings, as the Court of Appeals found (416 F.3d at 972), and is apparently willing to dismiss any demand that the other items be sold or returned to him. Provided the victims, Kaczynski and the Court agree, the United States will request that the receiver's plan address only the sale of Kaczynski's writings and other documents[5].

*The Plan*

With regard to submitting a commercially reasonable plan that maximizes value, Michael Burkart, one of the Eastern District Bankruptcy Court's Chapter 7 panel trustees, who has also been appointed by the United States Trustee for this district as a Chapter 11 trustee, has agreed to conduct a commercially reasonable sale of the property designed to maximize value, if the Court approves his appointment. Appended to this report is Mr. Burkart's resume. Mr. Burkart is prepared to submit to the Court a plan for sale of the property within forty-five days of his appointment by the Court.

---

[3] Upon the appointment of said counsel, if said counsel is a stranger to the victims, the United States is prepared to assist said counsel by providing the information necessary to contact the named victims.

[4] If the Defendant insists that all items be sold -- rather than only the writings, the United States has caused the Federal Bureau of Investigations to prepare a list of the bomb making materials it seized from Kaczynski for submission to the Court and to Kaczynski's counsel so that those items be excluded from the sale.

[5] Kaczynski has written many letters and created other documents since his sentencing. As this Court knows, the restitution lien attaches to *all* of Kaczynski's property and rights to property, including all property – such as writings – which he produces or acquires after sentencing. To maximize recovery for the victims, all of Kaczynski post-sentencing writings must also be sold.

*Settlement*

Kaczynski's lawyer has approached the United States regarding possible settlement of this matter. The United States interprets the Ninth Circuit's order to require it to dispose of the property in a manner that maximizes benefit to the named victims. Accordingly, the United States will defer to the victims' desires regarding sale or settlement, provided the disposition or resolution is approved by this Court.

Dated: September 12, 2005

McGREGOR W. SCOTT
United States Attorney

By: /s/ *Ana Maria Martel*
ANA MARIA MARTEL
Assistant U.S. Attorney