BENJAMIN B. WAGNER
United States Attorney
DAVID T. SHELLEDY
Assistant U.S. Attorneys
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>THEODORE JOHN KACZYNSKI,<br>Defendant. | Case No.: Cr. 96-00259 GEB<br>UNITED STATES' MEMORANDUM IN OPPOSITION TO KACZYNSKI'S MOTION FOR RETENTION OF EVIDENCE<br>No Hearing Scheduled |

Defendant-Appellant Theodore Kaczynski has filed identical motions in both district court and the court of appeals for an order compelling the United States to preserve various categories of items seized from his cabin, for use in some theoretical future prosecution for "a 1982 event in which someone put potassium cyanide in Tylenol," which is under investigation by the Chicago office of the FBI. Accordingly, the United States is filing this response in both courts as well.

According to Kaczynski, "someone ought to have jurisdiction" over his motion. On the contrary, however, no court has jurisdiction to enter the order he requests, because: (1) no statute authorizes such an order; (2) it would deeply offend separation of powers for a court to order preservation of evidence for a prosecution not initiated by the Executive Branch; and (3) the case-or-controversy requirement of Article III does not allow courts to entertain theoretical disputes which

might arise in the future. *See Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183 (1982) (a "mere physical or theoretical possibility" of future injury is insufficient to establish a present case or controversy); *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 766 (9th Cir. 1987) (to establish Article III jurisdiction over a request for injunction, the moving party must show a likelihood of future injury); *United States v. Kent*, 633 F.3d 920, 928 (9th Cir. 2011) ("[U]nder our system of separation of powers, the decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the Attorney General or his delegates, the United States Attorneys."), *quoting United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir. 1986).

Kaczynski has not been indicted in connection with the Chicago Tylenol investigation, and no such federal prosecution is currently planned. Consequently, there is no basis for an order interfering with the sale previously approved by the district court, as directed by the court of appeals.

WHEREFORE, Kaczynski's motion should be denied.

Respectfully submitted,

Dated: May 16, 2011

BENJAMIN B. WAGNER
United States Attorney

By: /s/ *David T. Shelledy*_________
DAVID T. SHELLEDY
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the Eastern District of California and is a person of such age and discretion as to be competent to serve papers.

That on **May 16, 2011**, she served a copy of:

UNITED STATES' MEMORANDUM IN OPPOSITION TO KACZYNSKI'S MOTION FOR RETENTION OF EVIDENCE

by placing said document(s) in postage paid envelope(s) addressed to the persons listed below, which are the last known addressees, and deposited said envelope(s) in the United States mail in Sacramento, California.

ADDRESSEE(S):

Theodore John Kaczynski
USP- U.S. Penitentiary - Florence
ADMAX - U.S. Penitentiary
Reg. No. 04475-046
P.O. Box 8500
Florence, CO 81226

/s/ *Janet Bain*
JANET BAIN
Legal Assistant