FILED

JUL 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>THEODORE JOHN KACZYNSKI, AKA FC,<br><br>Defendant - Appellant. | No. 10-10495<br><br>D.C. No. 2:96-cr-00259-GEB-GGH-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted July 12, 2011[**]
San Francisco, California

Before: SCHROEDER, CANBY, and HAWKINS, Circuit Judges.

In a prior appeal, we affirmed the district court's proposed plan for a judicial sale of certain items belonging to Theodore Kaczynski and remanded for further proceedings. *United States v. Kaczynski*, 551 F.3d 1120 (9th Cir. 2009). Following

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

remand, Kaczynski now appeals pro se from the district court's order of September 17, 2010, which clarified how such sale would be conducted.

Kaczynski claims his designee should have ninety days prior to the sale of his original writings to examine the copies of his writings provided by the government.[1] We take judicial notice that the internet sale of Kaczynski's belongings has already occurred. Bob Egelko, *Auction Raises $232,246 for Attack Victims*, S.F. CHRONICLE, June 4, 2011, at C1. Thus, we are unable to grant Kaczynski the relief he requests; and this claim is rendered moot. *See Sandidge v. State of Washington*, 813 F.2d 1025, 1025 (9th Cir. 1987) ("A case is moot if the reviewing court can no longer grant effective relief.").

Kaczynski further requests that the government be ordered to provide him with a complete copy of not only his own writings, but of any writings by others which were seized from his Montana cabin. This request lacks any legal basis and appears to be founded on a misreading of our prior opinion. Our prior opinion addressed only whether the forced sale of Kaczynski's personal writings violated the First Amendment. 551 F.3d at 1123-29. In concluding it did not, we explained that Kaczynski's ability to communicate his thoughts was not impaired by the loss of the

[1] The district court instead ordered that the government should maintain a copy of Kaczynski's writings for one year from the date it supplies a complete copy to Kaczynski's designee, an alternative plan proposed by Kaczynski.

originals, and noted in passing that the district court had already ordered the government to provide Kaczynski (through his designated recipient) with copies of any page he had not already received in legible form. *Id.* at 1127. We were not imposing a new and broader requirement on the government, but merely restating what the district court had already required of it. *Id.* (quoting *United States v. Kaczynski*, 446 F. Supp. 2d 1146, 1154 n. 12 (E. D. Cal. 2006)). The district court's refusal to provide copies of the seized writings of others therefore did not violate our directive on remand.

**AFFIRMED.**[2]

[2] The United States' pending Motion for Summary Affirmance and Opposition to Appellant's Motion for Stay is denied as moot.